■ In the Matter of the Arbitration between J. F. BRAUN & SONS, INC., Respondent, and RUBEN MELO, Appellant.—Appeal from judgment, Supreme Court, New York County, entered November 1, 1977, granting petitioner's motion to confirm two arbitration awards and denying appellant's cross motion to vacate the awards is unanimously dismissed, without costs. J. F. Braun & Sons, Inc., agreed to purchase quantities of Brazil nuts from appellant Ruben Melo pursuant to two contracts purportedly executed on behalf of appellant by the B. Sessler Co., Inc. The contracts contained provisions for arbitration in accordance with the rules of the Association of Food Distributors. When the nuts were not delivered, petitioner demanded arbitration. Arbitration awards were made in favor of petitioner and upon motion were confirmed by the judgment herein appealed. A later motion by appellant "to renew and reargue" the cross motion to vacate the arbitration awards was partially granted in Special Term, the court saying: "Motion is granted to the extent that further proceedings upon the arbitration award are stayed pending a hearing to determine whether or not the agent Sessler exceeded his authority in executing the arbitration agreement in the name of the individual, and whether, if he did, his acts were ratified by the individual. That some information, necessary to the resolution of this question, was withheld by petitioner is shown by the moving affidavit. These issues are referred to Trial Term, Part II, for assignment to hear and report. Pending receipt of the report, final determination is held in abeyance." It now appears that although the hearings were begun they have not been completed because of the unavailability of a necessary witness; thus, final determination is still pending. This court cannot review the order disposing of appellant's motion to "renew and reargue" because no appeal was taken from it. In the absence of such a separate appeal that order is not reviewable upon this appeal since that order did not make "substantially the same determination" as was made in the judgment entered November 1, 1977. (See CPLR 5517, subd [a], par 1; subd [b].) We refer to the subsequent order only as it bears on the continued viability of the appeal from the judgment. Since all proceedings to enforce the arbitration award have been stayed pending a hearing on the obvious factual issues concerning Sessler's authority, the judgment now being appealed is dormant and will not revive until a new order is entered after the hearing but only if that order rejects appellant's factual assertions and adheres to the original confirmation of the awards. When an order is entered after the hearing a new appeal will be available to any party aggrieved thereby. A disposition by this court on the merits at this juncture would be premature and advisory. Concur—Birns, J. P., Evans, Sandler and Lupiano, JJ.